IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VICTORIA A. SAVINO | ) | Case No. 14 B 18129 |
| | ) | |
| | ) | Chapter 13 |
| Debtor(s) | ) | Judge A. Benjamin Goldgar |

**NOTICE OF FILING OF RESPONSE
TO SECTION 329 ORDER**

PLEASE TAKE NOTICE that on **June 6, 2014**, I caused a true and correct copy of the attached Response to Section 329 Order to be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, a true and correct copy of which is attached hereto and hereby served upon you.

    /s/ Arthur C. Czaja
ARTHUR C. CZAJA
Law Offices of Arthur C. Czaja
7521 N. Milwaukee
Niles, Illinois 60714
847/647-2106
ARDC # 6291494

**PROOF OF SERVICE**

I, Arthur C. Czaja, an attorney, being first duly sworn upon oath, depose and state that he has served the above and foregoing Notice, together with all required papers, upon the Debtor, the Chapter 13 Trustee and the US Trustee, by placing same in an envelope addressed as shown on the attached Service List, and depositing same First Class Mail, postage prepaid in the United States mail box at the United States Post Office 6977 West Oakton, Niles, IL 60714 and by electronic filing upon the Chapter 13 Trustee and the Office of the U.S. Trustee, on June 6, 2014.

By: /s/ Arthur C. Czaja
ARTHUR C. CZAJA

SERVICE LIST

*DEBTOR*
Victoria A. Savino
13125 W. Newcastle Lane
Beach Park, IL 60083
Via First Class Mail, Postage Prepaid


*CHAPTER 13 TRUSTEE*
Glenn B. Stearns
801 Warrenville Road
Suite 650
Lisle, IL 60532
By electronic notice through ECF &
Via First Class Mail, Postage Prepaid


*U.S. TRUSTEE*
Patrick S. Layng,
Office of the U.S. Trustee, Region 11
By electronic notice through ECF &
Via First Class Mail, Postage Prepaid

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VICTORIA A. SAVINO | ) | Case No. 14 B 18129 |
| | ) | |
| | ) | Chapter 13 |
| Debtor(s) | ) | Judge A. Benjamin Goldgar |

## RESPONSE TO SECTION 329 ORDER

**NOW COMES** Arthur C. Czaja, attorney for the Debtor, Victoria A. Savino, and submits this written Response to the Section 329 Order entered in this case on May 30, 2014. In support of this Response, counsel respectfully represent as follows:

1. Counsel for Debtor first became acquainted with the Debtor on April 18, 2014.

2. Counsel and the Debtor discussed various legal issues that the Debtor was facing and counsel recommended Chapter 13 Bankruptcy to the Debtor.

3. The Debtor was also seeking legal representation in mortgage foreclosure case number 11-CH-2021 in the Circuit Court of Lake County which was captioned as Consumers Cooperative Credit Union v. Victoria A. Savino, et al (hereinafter "Foreclosure Case"). The real property that was the subject of this mortgage foreclosure case is the Debtor's sole and primary residence and is commonly known as 13125 W. Newcastle Lane, Beach Park, IL 60083 (hereinafter "Property").

4. Counsel had suggested to the Debtor to file a Chapter 13 Bankruptcy case after she had obtained suitable rental property so the proper rent payment could be factored into her Chapter 13 Bankruptcy plan.

5. At the time of their initial meeting, the Debtor's Property was in foreclosure.

6. The Debtor was quite nervous given the status of the Foreclosure Case (the Order Approving Sale was entered on March 14, 2014) and needed additional time to vacate the Property and find suitable rental housing.

7. Therefore, the Debtor and her counsel agreed that counsel would file motion in the Foreclosure Case requesting that the Court extend the enforcement of the Order for Possession entered in the Foreclosure Case on March 14, 2014 for a period of sixty (60) additional days so that the Debtor could find suitable replacement housing.

8. On May 2, 2014, counsel for the Debtor filed his Appearance and a Motion to Stay Enforcement of the Order for Possession in the Foreclosure Case and that motion was set for presentment on May 9, 2014.

9. The above referenced Motion to Stay Enforcement of the Order for Possession was denied on May 9, 2014 by the Honorable Margaret A. Marcouiller.

10. The Debtor paid counsel a total of $1,000.00 for representation in the Foreclosure Case.

11. The Debtor never paid counsel any more money at any other time for representation in the Foreclosure Case or in the instant Bankruptcy case.

12. At all times, the Debtor planned on proceeding with a Chapter 13 Bankruptcy case after her housing situation had become certain.

13. In the interim, the Debtor did find suitable rental housing.

14. Therefore, on May 13, 2014, the Debtor came to the office of counsel for the purpose of filing the instant Chapter 13 Bankruptcy case.

14. The Debtor filed the instant Chapter 13 Bankruptcy case on May 13, 2014.

15. Counsel for Debtor paid the filing fees for the Debtor out of the $1,000.00 he had previously received from the Debtor in the Foreclosure Case.

16. Furthermore and at the time of the filing of her Chapter 13 Bankruptcy case on May 13, 2014, counsel for Debtor scheduled a follow up appointment with the Debtor in his office on May 22, 2014 for the purpose of filing the remaining necessary documents.

17. Thereafter, counsel and Debtor had irreconcilable differences regarding the scope of the representation and how it would impact the Order for Possession entered in the Foreclosure Case.

18. Counsel for Debtor therefore recommended that the Debtor consult with Kenneth Borcia, a local bankruptcy attorney to take over the Debtor's Bankruptcy case.

19. The Debtor did in fact consult with Kenneth Borcia.

20. Counsel for the Debtor did not appear in Court on May 30, 2014 in connection with a creditor's motion to modify the automatic stay as he believed that the Debtor had no meritorious defense to the motion because the Property that was the subject of the Foreclosure Case had already been sold at a judicial and the sale had already been confirmed on March 14, 2014.

21. Furthermore, counsel did not appear on May 30, 2014 in connection with the Trustee's motion to dismiss the case as he believed the Debtor had no defense to the case or had found other counsel to take over the case.

22. Therefore, on May 30, 2014, this Court entered a Section 329 Order directing counsel for the Defendant to appear in Court on June 20, 2014 at 10:30 a.m. to show cause why he should not be denied compensation for services and required to refund any compensation previously received.

23. Counsel for Debtor received no fees from the Debtor in connection with this Bankruptcy and therefore has no fees in his possession to reimburse the Debtor.

WHEREFORE, counsel for Debtor, Arthur C. Czaja, respectfully requests that this Court enter an Order dismissing the Section 329 Order and any related Rule to Show Cause based on counsel's compliance with the Section 329 Order.

Respectfully submitted,

/s/ Arthur C. Czaja
ARTHUR C. CZAJA

Law Offices of Arthur C. Czaja
7521 N. Milwaukee
Niles, Illinois 60714
847/647-2106
ARDC # 6291494

ARTHUR C. CZAJA
Law Offices of Arthur C. Czaja
7521 N. Milwaukee
Niles, Illinois 60714
Telephone: (847) 647-2106
Facsimile: (847) 647-2057
ARDC # 6291494